IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO MELCHACA, | § | |
| #43141-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:12-CV-0823-K |
| | § | (3:11-CR-0154-K(07)) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Mario Melchaca's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 and the Government's response. For the reasons set out below, the § 2255 motion is denied.

## I. BACKGROUND

On June 21, 2011, in a superceding indictment, the Government charged movant and numerous co-defendants with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846. On October 4, 2011, movant pled guilty pursuant to a plea agreement. *See United States v. Melchaca*, 3:11-CR-154-K (N.D. Tex.) (docs. 84, 149, 150, 156, 170). As part of his plea agreement, and in exchange for the government agreeing to recommend a sentence at the lower end of the guideline range determined by the Court, movant agreed to waive his right to direct appeal, except movant preserved his right to bring a direct appeal challenging his sentence on the basis that it either exceeded the statutory maximum sentence or was calculated in error and to challenge, either on direct appeal or

collaterally, the voluntariness of his guilty plea or waiver or raise a claim of ineffective assistance of counsel. (doc. 149). On March 7, 2012, this Court sentenced movant to 96 months imprisonment, below the 121 to 151 month sentencing guideline range. (doc. 344). Movant did not file a direct appeal.

On March 16, 2012, movant mailed his § 2255 motion alleging that his trial counsel was ineffective for failing to seek a continuance and a four-level reduction for participation in the "fast track" program, for retaining his legal materials for over a year prior to his sentencing, for failing to move for a downward departure in his sentence based on movant's substance abuse problems and request that this Court recommend that movant be permitted to participate in a residential substance abuse program while in prison, and for failing to advise him that he would be subject to deportation. He further asserts that the prosecution committed misconduct by colluding to rush petitioner to sentencing so that he would not be eligible for the fast track program. The government filed its response on May 29, 2012. The movant did not file a reply brief.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a movant can collaterally challenge his conviction only on constitutional or jurisdictional grounds.

Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 149). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id*.

A.      **Ineffective Assistance of Counsel**

In his § 2255 motion, movant alleges defense counsel rendered constitutionally ineffective assistance by: 1) failing to seek a continuance of his sentencing so that he would be eligible for the fast-track program; 2) retaining his legal materials for over a year prior to his sentencing; 3) failing to move for a downward departure in his sentence based on movant's substance abuse problems and failing to request that this Court recommend that movant be permitted to participate in a residential substance abuse program while in prison; and 4) failing to advise him that he would be subject to deportation.

To establish ineffective assistance of counsel, a petitioner must demonstrate (1)

3

that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant first asserts that his attorney was ineffective for failing to seek a continuance in his sentencing so that he would be eligible for the fast-track program. On January 31, 2012, the Department of Justice issued a memorandum instructing all United States Attorneys to implement fast-track programs in their districts no later than March 1, 2012, in cases where a defendant pleads guilty, pursuant to a plea agreement, to felony reentry. If a defendant is eligible, the attorney for the government shall move

4

for either a four-level downward departure or, in some circumstances where a defendant has a high criminal history category or at least one felony conviction for a serous violent offense, a two-level departure. *See* Memorandum from James M. Cole for U.S. Attorneys (Jan. 31, 2012) ("Fast-Track Memo"), *available at* www.justice.gov/dag/fast-track-program.pdf.

Movant has failed to show deficient performance by his attorney in this manner because he was not eligible for this program, having pled guilty to conspiracy to possess with intent to distribute and distribution of a controlled substance, not felony reentry. Furthermore, even were he eligible, it is within the Government's discretion, not defense counsel's, to move for a downward departure in sentencing as part of the fast-track program. Finally, movant was sentenced to a sentence below his calculated sentencing guideline. Therefore, he has not shown that, even were he eligible for the program, he would have received a lower sentence than the one he actually received.

Movant next contends that his counsel was ineffective for keeping certain legal materials from him. He has failed to allege either deficient performance or prejudice based on this action. As to his argument that his attorney was ineffective for failing to request a downward departure based on movant's substance abuse problems, his counsel did object to the PSR on the basis that it did not contain a two-point sentencing adjustment based on movant's minor role in the conspiracy. (*see* doc. 310). Furthermore, this Court sentenced movant to a sentence well below the 121 to 151 month sentencing guideline range and recommended that movant be permitted to participate in a

residential treatment program while in prison. (*see* doc. 344). He has not shown that, had defense counsel argued another basis for a lower sentence, there is a reasonable probability that the sentence he received would have been lower. Finally, although movant asserts in a conclusory manner that his counsel did not advise him that he could be deported, the plea agreement itself advised movant of this fact. (doc. 149 at 6-7). This conclusory assertion does not entitle him to relief. *See Miller v. Johnson*, 200 F.3d at 282. Movant's claims of ineffective assistance of counsel is without merit and is denied.

B.     **Prosecutorial Misconduct**

Movant further asserts that the prosecutor colluded with defense counsel to rush him to sentencing before the fast-track program was implemented so that he would not benefit from it. This claim is barred by his appellate waiver (*see* doc. 149). Furthermore, even were it not waived, it is without merit because it is a conclusory allegation with no supporting evidence and because he was not eligible for the program. Movant's claim of prosecutorial misconduct is also without merit and is denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 10th day of April, 2013.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE